# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CIVIL ACTION NO. H-06-2439** |
| BOCA DEL RIO PROPERTIES, INC., | § | |
| Debtor. | § | Bankruptcy No. 05-83456-G3-11 |

## MEMORANDUM AND ORDER

Debtor Boca Del Rio Properties, Inc. filed this appeal from an order dismissing this bankruptcy proceeding entered July 13, 2006, by the United States Bankruptcy Court for the Southern District of Texas.  The appeal is before the Court on Debtor's Motion for Stay of Order Pending Appeal ("Motion to Stay") [Doc. # 2], to which First Bank of Beverly Hills ("First Bank"), a secured creditor, filed a Response [Doc. # 3]. Debtor neither filed a reply nor requested an extension of time to do so.  Based on the Court's review of the record and the application of governing legal authorities, the Court **denies** the Motion to Stay.

Debtor operates an apartment complex in Houston.  In connection with its Chapter 11 bankruptcy proceeding, Debtor filed monthly operating reports through April 2006 showing a net loss each month.  Debtor did not file a report for May 2006. Moreover, Debtor did not have general liability insurance.  As a result of the failure to

file the May 2006 report and to obtain necessary insurance, the bankruptcy court dismissed Debtor's bankruptcy case for cause pursuant to 11 U.S.C. § 1112(b).[1] *See* Order [BR Doc. # 92]. Debtor appealed and moved for a stay.

In deciding whether to grant a stay pending appeal from a Bankruptcy Court order, a court considers: (1) whether the movant has shown a likelihood of success on the merits of the appeal; (2) whether the movant has shown irreparable harm if the stay is denied; (3) whether granting the stay would substantially harm the other parties; and (4) whether granting the stay would serve the public interest. *See In re First South Savings Ass'n.*, 820 F.2d 700, 709 (5th Cir. 1987); *In re Phillips*, 2006 WL 721429, *5 (N.D. Tex. Mar. 22, 2006).[2] In this case, the four factors weigh heavily against granting the stay.

Debtor has not shown a likelihood of success on the merits of its appeal. The record before the Bankruptcy Court revealed that Debtor was continuing to experience losses, had failed to file the monthly operating report for May 2006, and did not have liability insurance. And of these would support the Bankruptcy Court's dismissal of

---

[1] Section 1112(b) includes a non-exhaustive list of examples of cause for dismissal. These include substantial or continuing losses, and the absence of a reasonable likelihood of rehabilitation; a failure to maintain appropriate insurance that poses a risk to the estate or the public; and the unexcused failure to satisfy the Bankruptcy Code or Rules filing or reporting requirements. *See* 11 U.S.C. § 1112(b).

[2] Debtor filed a Motion to Stay Pending Appeal in the bankruptcy proceeding [BR Doc. # 95], and the Bankruptcy Court denied the Motion [BR Doc. # 96].

the Chapter 11 proceeding. Although Debtor states in the Motion to Stay filed July 27, 2006, that it "will be obtaining general liability insurance," First Bank represents in its August 14, 2006 response that Debtor at that time did not have liability insurance. First Bank also noted that Debtor had not at that time filed its monthly operating reports for May 2006, June 2006, or July 2006. Debtor did not file a reply contesting these representations and the time for filing a reply has expired.

Debtor asserts that it will suffer irreparable injury if the stay is not granted because its appeal will become moot. As is discussed above, however, Debtor has not shown a likelihood of success on the merits of its appeal. Consequently, the identified irreparable harm "does not provide a sufficient basis to grant a stay." *In re Permian Producers Drilling, Inc.*, 263 B.R. 510, 522 (W.D. Tex. 2000).

If a stay is granted, it will cause substantial harm to First Bank, a secured creditor. Debtor will continue to use the collateral secured by First Bank, further reducing the value of the collateral, without making any payments to the bank from the rents Debtor is collecting from the tenants of the apartment complex. Granting a stay and permitting Debtor to continue to operate without general liability insurance also creates a significant risk of substantial harm to First Bank and its secured collateral.

The public interest will not be served by granting the Motion to Stay because Debtor has not obtained general liability insurance. As a result, the tenants and other visitors to the property are unprotected in the event of an accident or other injury.

Debtor has failed to establish a likelihood of success on the merits of its appeal. The remaining factors to be considered in deciding a Motion to Stay weigh heavily against the stay. Accordingly, it is hereby

**ORDERED** that Debtor's Motion for Stay of Order Pending Appeal [Doc. # 2] is **DENIED**.

SIGNED at Houston, Texas this **23rd** day of **August, 2006**.

_____
Nancy F. Atlas
United States District Judge